IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

| | |
|---|---|
| **LEROY PORTER, JR.,** | |
| Petitioner, | |
| v. | **Civil No.: 3:19-CV-49** <br> **(JUDGE GROH)** |
| **CHRISTOPHER GOMEZ, Warden,** | |
| Respondent. | |

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

On April 8, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner is a federal inmate housed at Gilmer Federal Correctional Institution who is challenging the validity of his sentence imposed in the United States District Court for the Middle District of North Carolina.

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

**II.   FACTUAL AND PROCEDURAL HISTORY[1]**

**A.   Conviction and Sentence**

On December 9, 2016, at approximately 12:52 p.m., Leroy Porter Jr. entered a branch of the First United Bank located at 700 North Main Street in High Point, North Carolina. ECF No. 25. Porter approached the bank teller and stated, "I need

---

[1] All CM/ECF references in Section II.A., B., and C., refer to entries in the docket of Criminal Action No. 1:17-CR-23, Middle District of North Carolina.

1

you to do me a favor." He then handed her a handwritten note that read: "Do not try to slip a dye pack into the money… give me all the $100 $50 $20 as fast as you can… I have a real bad crack cocaine problem and I lost my job the day before Thanksgiving… I can't get my grandkids no Christmas!" Id. Porter then leaped over the teller counter and attempted to open the teller's money drawer, but was unsuccessful in doing so. Id. He then turned to the other teller, said "Give me your money," and grabbed $1,625.00, along with a red dye pack that was concealed in the bills. Id.

A few minutes after exiting the bank, Porter encountered a High Point, North Carolina police officer and threw his hands in the air to signal surrender. Id. According to the police officer present at the scene, Porter was covered in red dye as the concealed dye pack had exploded. Id.

On January 30, 2017,[2] a grand jury in the Middle District of North Carolina returned an indictment which charged Petitioner with a single violation of 18 U.S.C. § 2113(a), bank robbery. ECF No. 1. A plea agreement was filed on April 6, 2017. ECF No. 12. Paragraph 2.a. of the plea agreement states that Petitioner, "understands that the maximum term of imprisonment . . . is not more than twenty years." Id. at 1. Additionally, pursuant to paragraph 5.b. of the plea agreement, if the court determined Peititoner was a career offender pursuant to Section 4B1.1 of the Sentencing Guidelines, the Government agreed to recommend to the Court that Petitioner would receive a sentence at the low end of the advisory Guideline range. Id. at 5. On April 25, 2017, Petitioner entered his plea of guilty to the

---

[2] Although the indictment was returned on January 30, 2017, the Clerk did not docket the indictment until January 31, 2017.  ECF No. 1.

indictment. April 25, 2017, undocketed Minute Order. The Pre-Sentence Investigation Report filed September 15, 2017, provided that "[b]ased upon a total offense level of 29 and a criminal history category of VI, the guildeline imprisonment range is 151 months to 188 months." ECF No. 25 at 18, ¶ 76. Petitioner was sentenced to 151 months of imprisonment on September 26, 2017.[3] ECF No. 26. In addition to the sentence, the Court imposed 3 years of supervised release, a $100 special assessment, and $1,625.00 in restitution. Id.

### B. Direct Appeal

A review of the docket and PACER reveals that Petitioner did not file a direct appeal.

### C. Motions for Relief under 28 U.S.C. § 2255

A review of the docket and PACER reveals that Petitioner did not file a motion for relief under 28 U.S.C. § 2255.

### D. Instant Claims Under 28 U.S.C § 2241

In support of his section 2241 petition before this Court, Petitioner states a single ground for relief. Relying on Sessions v. Dimaya[4], Petitioner argues that his prior conviction for robbery with a dangerous weapon is not a predicate for a career offender enhancement." ECF No. 1. For relief, Petitioner requests that the Court vacate his Career Offender designation and remand him to be re-sentenced at Criminal History IV and a base offense level of 17, which would reduce his sentence from 151 months to 37-46

---

[3] The court imposed judgment on September 26, 2017, but the judgment was not docketed by the Clerk until October 4, 2017. ECF No. 26.

[4] Sessions v. Dimaya, 138 S. Ct. 1204 (2018).

months. Id. at 9. It appears that Petitioner is seeking to have his Career Offender designation and 151-month sentence invalidated.

### III. LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

4

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### IV.    ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

of his or her conviction and/or his or her sentence under § 2241, if he or she can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[6] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[7] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his or her conviction or the legality of his or her sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his or her conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

---

[6] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).
[7] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

6

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his or her sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his or her

7

sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Petitioner's sole ground for relief is that he was misclassified as a career offender under the post-Booker,[8] advisory Guidelines. ECF No.1. However, because Petitioner's direct appeal rights have expired and he did not file a timely § 2255 motion, he is attempting to utilize the savings clause under § 2255(e) in filing his § 2241 petition. Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first, second, and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[10]

---

[8] United States v. Booker, 543 U.S. 220 (2005).

[10] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory

undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is because post-Booker, "the Guidelines lack[] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716.

Because Petitioner in this case was sentenced as a career offender[11] under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause. Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

---

Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

[11] The Pre-Sentence Investigation Report indicates that Petitioner is a Career Offender based on at least two prior felony convictions which were either a crime of violence or a controlled substance offense. M.D.N.Car. 1:17-CR-23, ECF No. 25 at 5, ¶ 18.

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:      July 31, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE